UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERIFONE, INC.,<br><br>            Plaintiff,<br><br>-against-<br><br>COASIN LOGICALIS, S.A.,<br><br>            Defendant. | Case No.  19-CV-9812 |

**DECLARATION OF GREGORY STARNER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR <u>TEMPORARY RESTRAINING ORDER AND ANTI-SUIT INJUNCTION</u>**

I, Gregory Starner, declare:

1. I am a partner of White & Case LLP.

2. I am fully familiar with the matters set forth below, either from my personal knowledge or on the basis of information and documents that have been provided to me by attorneys at White & Case LLP.

3. I submit this declaration in support of Defendant Coasin Logicalis, S.A.'s ("**Coasin's**") Opposition to Plaintiff Verifone, Inc.'s ("**Verifone's**") Application for Temporary Restraining Order and Anti-Suit Injunction.

4. On April 29, 2019, Coasin filed a Demand for Arbitration[1] against Verifone under the Comprehensive Arbitration Rules and Procedures of JAMS (the "**JAMS Rules**") in accordance with the arbitration provision set forth in the Verifone International Partner Agreement ("**VIP Agreement**")[2] between Coasin and Verifone (the "**Parties**").

---

[1] *See* Declaration of John Picone, Exh. B.
[2] *See* Declaration of Fernando López, Exh. A.

-1-

5.     On that same day, Coasin submitted an Application for Emergency Relief (the "**Application**").[3] The Application was supported by a Witness Declaration of Raúl Ciudad de la Cruz, Coasin's Chief Executive Officer, as well as a number of evidentiary exhibits. True and correct copies of Mr. Ciudad's Declaration and certain of those exhibits are attached hereto as **Exhibits A** through **F**.

6.     On May 1, 2019, the Arbitrator issued Procedural Order No. 1, which established a deadline of May 7, 2019 for Verifone to file its responses to Coasin's Demand for Arbitration and Application for Emergency Relief.[4]

7.     On May 7, 2019, the Parties agreed to a "short stay" of the arbitration proceedings in order to discuss a possible resolution.[5] Accordingly, Verifone did not submit a response to the Demand for Arbitration or Application for Emergency Relief at that time.

8.     On May 15, 2019, the Parties agreed to a stay of the action filed by Coasin against Verifone, Camilo Vidal, and Ximena Oñate under the Chilean Law on Unfair Competition in the 24th Civil Court of Santiago, Chile (the "**Chilean Action**"). A true and correct copy of the Parties' agreement is attached hereto as **Exhibit G**. Under the Parties' agreement, the stay of the Chilean Action could be lifted at any time provided that Coasin would provide two business days' notice of any attempt to serve the Chilean Action on the defendants.

9.     On July 3, 2019, following the failure of the Parties' settlement negotiations, Coasin notified Verifone that it intended to resume the Chilean Action.[6]

10.    On August 28, 2019, Verifone filed its Response to Coasin's Demand for Arbitration together with a Notice of Counterclaims.[7] On that same day, Verifone filed a Motion for an Order Enforcing Arbitration Agreement and Enjoining Coasin from Asserting Claims Against Verifone

---

[3] *See* Declaration of John Picone, Exh. A
[4] *See* Declaration of John Picone, Exh. C.
[5] *See* Declaration of John Picone, Exh. E.
[6] *See* Declaration of John Picone, Exh. F.
[7] *See* Declaration of John Picone, Exh. J.

in Chile (the "**Motion for Anti-Suit Injunction**").[8]  Coasin filed its Opposition to Verifone's Motion for Anti-Suit Injunction on September 20, 2019.[9]

11. On September 30, 2019, Coasin notified the Arbitrator that the 24th Civil Court of Santiago had denied Coasin's request for a preliminary injunction against Verifone, Camilo Vidal, and Ximena Oñate during the pendency of the Chilean Action.[10]

12. On October 1, 2019, the Arbitrator held a telephonic hearing on Verifone's Motion for Anti-Suit Injunction.  During that hearing, Coasin's New York counsel team confirmed that Coasin would not be prevented from continuing to seek interim relief in the Chilean Action.

13. On October 2, 2019, Coasin filed a request for the Chilean court to reconsider its denial of the preliminary injunction (the "**Request for Reconsideration**").

14. On October 3, 2019, Verifone requested the Arbitrator to issue an interim order requiring Coasin to withdraw its Request for Reconsideration.  A true and correct copy of Verifone's request is attached hereto as **Exhibit H**.

15. On October 7, 2019, Coasin responded to Verifone's request for an interim order and explained, *inter alia*, that the Parties both maintain the right to seek interim relief in court pursuant to the VIP Agreement and the JAMS Rules.[11]

16. The Arbitrator did not grant the interim order requested by Verifone.

17.  On October 16, 2019, the Arbitrator denied Verifone's Motion for Anti-Suit Injunction."[12]

---

[8] *See* Declaration of John Picone, Exh. G.
[9] *See* Declaration of John Picone, Exh. H.
[10] *See* Declaration of John Picone, Exh. K.
[11] *See* Exhibit H.
[12] *See* Declaration of John Picone, Exh. L at 12.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of October, 2019, at New York, New York

By: */s/ Gregory M. Starner*
GREGORY M. STARNER